**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SIOBAUGHN L. NICHOLS,

*Plaintiff*,

v.

UNITED FIDELITY FUNDING CORP., *et al.*,

*Defendants*.

Case No. 26-2079-AJP-ADM

**MEMORANDUM AND ORDER**

Plaintiff Siobaughn Nichols, proceeding pro se, filed suit against Defendants United Fidelity Funding Corp. ("UFF"); Kris Peterson; Meridian Title Co., LLC, ("MTC");[1] Kevin Marks; and Joseph Sciara asserting claims of negligence, negligent misrepresentation, misrepresentation, negligence per se, and civil conspiracy. Before the Court are two motions by UFF, a Motion to Dismiss pursuant to Rules 12(b)(5) and 12(b)(6) (Doc. 19), and another Motion to Dismiss pursuant to Rules 12(b)(5) and 12(b)(6) (Doc. 50); Defendant MTC's Motion to Dismiss, or in the alternative, to Quash Service (Doc. 34); Defendant Peterson's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 54); Plaintiff's Application for Clerks Entry of Default against Kevin Marks (Doc. 58); Plaintiff's Notice of Updated

---

[1] The proper name of this Defendant appears to be "Burcham's Meridian Title, LLC, d/b/a Meridian Title Co."

Address and Good-Faith Request for Extension of Time to Effect Service to all Applicable Defendants except Kevin Marks and Meridian Title Co. (Doc. 59); and Defendant Sciara's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 62). For the reasons stated below, the Court denies as moot UFF's first Motion to Dismiss (Doc. 19) and grants the remainder of Defendants' motions. The Court also denies Plaintiff's Application for Clerk's Entry of Default and her motion.

## I. Factual and Procedural Background[2]

On May 7, 2024, Plaintiff purchased a residential property located in Kansas City, Kansas. The property was purchased using a mortgage loan insured by the Federal Housing Administration ("FHA"). Defendant UFF originated and approved the mortgage loan. From April 2024 to the date of the purchase, Plaintiff worked with Defendant Kris Peterson regarding loan approval and closing conditions. Peterson, acting on behalf of UFF, communicated to Plaintiff that the loan conditions had been satisfied and that the property was ready to proceed to closing despite the absence of a verified final inspection. Peterson connected Plaintiff with Defendants Kevin Marks and Meridian Title Company, LLC, for the purpose of completing the transaction. Plaintiff was not provided with a final inspection report or documentation verifying completion of required repairs prior to closing. Defendant Joseph Sciara conducted an appraisal of the property at a time prior to closing and allegedly failed to identify or inform Plaintiff of certain existing conditions affecting the property, or its existing defects, including electrical defects,

---

[2] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

plumbing failures, structural and foundation issues, termite infestation, roof leaks, HVAC system issues, and the presence of asbestos-containing materials within the property. Plaintiff alleges that these conditions materially affected the safety, habitability, and value of the property which resulted in financial loss and damages to Plaintiff.

On February 9, 2026, Plaintiff filed her initial Complaint. Plaintiff was granted leave to proceed in forma pauperis on February 11, 2026, and the U.S. Marshals were directed to effect service of the summonses and copies of the Complaint upon Defendants. On March 23, 2026, Plaintiff filed her First Amended Complaint asserting the following five causes of action: (1) negligence against all Defendants; (2) negligent misrepresentation against all Defendants; (3) misrepresentation against all Defendants; (4) negligence per se based upon FHA requirements against UFF; and (5) civil conspiracy against all Defendants. On April 14, 2026, the Court entered an order directing the clerk to issue summonses for all Defendants and for the U.S. Marshal Service to serve the First Amended Complaint.

On March 26, 2026, UFF moved to dismiss Plaintiff's First Amended Complaint for insufficient service and failure to state a claim. MTC moved to dismiss for failure to state a claim or, in the alternative, to quash service of process on May 12, 2026. The summons for UFF was returned unexecuted on June 23, 2026, and Magistrate Judge Mitchell ordered Plaintiff to file a notice with an updated address for UFF on June 25, 2026. The summons for MTC was returned executed

on June 30, 2026. On the same day, summonses for Peterson, Marks, and Sciara were returned unexecuted, and Judge Mitchell ordered Plaintiff to file a notice with updated addresses for those Defendants by July 10, 2026. On July 2, 2026, an alias summons was issued to the Marshals as to UFF to effect service. Alias summonses were issued for Marks, Peterson, and Sciara on July 13, 2026. On July 15, 2026, the alias summons for UFF was returned executed by certified mail. Alias summonses for Marks and Peterson were returned executed by certified mail on July 22, 2026.

On August 3, 2026, UFF again moved to dismiss for insufficient service and for failure to state a claim. On August 10, 2026, the second summons for Sciara was returned unexecuted. On the same day, Peterson moved to dismiss for insufficient service of process and for failure to state a claim. On August 11, 2026, Judge Mitchell ordered Plaintiff to file a notice with a valid address for Sciara by August 25, 2026, as a final opportunity to serve Sciara. On August 18, 2026, Plaintiff filed a "Notice of Updated Address for Service of Defendant Joseph Sciara and Good-Faith Request for Extension of Time to Effect Service as to all Applicable Defendants except Kevin Marks and Meridian Title Company." On the same day, Plaintiff filed an application for Clerk's entry of default against Marks pursuant to Rule 55(a). Sciara moved to dismiss Plaintiff's First Amended Complaint for insufficient service and failure to state a claim on September 18, 2026.[3]

---

[3] This case was previously assigned to Judge Broomes but was reassigned to the undersigned in July.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move for dismissal on the basis of insufficient service of process. When a defendant so moves, "the burden shifts to the plaintiff to make a prima facie showing that he served process properly." "*Schwab v. Kansas*, No. 16-cv-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). In ruling on a Rule 12(b)(5) motion to dismiss, the Court "may consider any 'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a plaintiff's favor." *Id.* (quoting *Fisher*, 531 F. Supp. 2d at 1260). "A pro se plaintiff still must comply with Rule 4 and Kansas law for service of process." *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the court must determine whether a complaint contains sufficient factual allegations to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but it need not afford such a presumption to legal conclusions. *Id.* at 678–79. Viewing the

complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *See id.* at 678.

A pro se litigant's pleadings are broadly construed and "held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, cannot assume the role of advocate for the pro se litigant. *Id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (citations omitted).

## III. Analysis

Defendants and Plaintiff have filed motions before the Court. The Court will address each motion in turn.

### A. UFF's Motions (Doc. 19, Doc. 50)[4]

UFF filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Plaintiff did not respond to UFF's motion.[5] Because the First Amended Complaint fails under Rule 12(b)(6)'s standards, the Court only addresses that argument.[6] Plaintiff asserts five claims against UFF, and the Court will address each in turn.

---

[4] The Court finds Defendant UFF's first Motion to Dismiss (Doc. 19) as moot and will only address its second Motion to Dismiss.

[5] Plaintiff did file a response to UFF's first Motion to Dismiss (Doc. 19), but she failed to respond to UFF's second Motion to Dismiss (Doc. 50).

[6] A district court may dismiss a plaintiff's complaint under Rule 12(b)(6) when properly serving defendants would have been futile due to the complaint's inability to withstand a Rule 12(b)(6) motion. *See Gleason v. Zmuda*, No. 24-4013-EFM-RES, 2024 WL 4452286, at *3, n.21 (D. Kan. Oct. 9, 2024) (citing *Ngiendo v. Soc. Sec. Admin.*, 547 F. App'x 913, 914 (10th Cir. 2013)).

1. *Plaintiff fails to state a claim of negligence against UFF.*

Plaintiff's first cause of action against UFF is negligence. Under Kansas law, "negligence requires proof that: (1) the defendant owed plaintiff a legally recognized duty; (2) the defendant breached that duty; (3) the defendant's breach of duty caused plaintiff's injuries; and (4) plaintiff suffered damages." *Unruh v. City of Wichita*, 318 Kan. 12, 540 P.3d 1002, 1004 (2024). Kansas law recognizes the borrower/lender relationship to be one of adversarial character, and therefore not the sort of "special relationship" which justifies imposing a duty. *See Jack v. City of Wichita*, 23 Kan. App. 2d 606, 933 P.2d 787, 793 (1997) (holding that the lender of a mortgage did not owe a duty to the borrower to advise the borrower that they needed flood insurance under the National Flood Insurance Program).

Plaintiff's only allegation with regard to UFF is that UFF had a duty "to ensure that loan approval complied with FHA requirements." (Doc. 17 at 4). Plaintiff's mere conclusory allegation that UFF owed her a duty is insufficient to allege the first element of negligence. *Hall*, 935 F.2d at 1110 (citations omitted). Furthermore, Plaintiff fails to allege any other elements of a negligence claim, including breach of a duty, causation, or injuries. Therefore, Plaintiff fails to sufficiently allege a claim of negligence against UFF.

2. *Plaintiff fails to state a claim of negligent misrepresentation against UFF.*

Plaintiff alleges that UFF committed negligent misrepresentation when it provided information that required repairs had been completed and that the

property was ready for closing. In Kansas, to state a claim of negligent misrepresentation, Plaintiff must allege:

> (1) The person supplying the false information failed to exercise reasonable care or competence in obtaining or communicating it; (2) the party receiving the false information reasonably relied on it; and (3) the person relying on the false information is a person or one of a group of persons for whose benefit and guidance the information is supplied or a person or one of a group of persons to whom the person supplying the information knew the information would be communicated by another; and (4) the party receiving the information suffered damages. *Rinehart v. Morton Bldgs. Inc.*, 297 Kan. 926, 305 P.3d 622, 630 (2013) (citation omitted).

Plaintiff's allegations fail to allege at least elements one and three. Plaintiff does not allege that UFF failed to use reasonable care or competence in getting the appraisal done. Plaintiff also fails to allege that she is a person, or one of a group of persons, for whose benefit and guidance the information is supplied. It is Plaintiff's responsibility, even when proceeding pro se, to sufficiently plead the elements of her case. *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Here, Plaintiff's conclusory and sparse allegations fail to sufficiently allege a claim of negligent misrepresentation against UFF.

*3. Plaintiff fails to state a claim of misrepresentation against UFF.*

Plaintiff alleges that UFF is liable for misrepresentation. Construing the First Amended Complaint broadly, this claim appears to be one for fraudulent misrepresentation. Under Kansas law, there are five elements of fraudulent misrepresentation:

> (1) The defendant made false representations as a statement of existing and material fact; (2) the defendant knew the representations to be false or made them recklessly without knowledge concerning them; (3) the defendant made the representations intentionally for the

> purpose of inducing another party to act upon them; (4) the other party reasonably relied and acted upon the representations; and (5) the other party sustained damages by relying upon the representations. *Galindo v. Taylor*, No. 22-2414-DDC, 2025 WL 2306216, at *19 (D. Kan. Aug. 11, 2025) (citations omitted).

The elements of fraudulent misrepresentation and fraud under Kansas law are parallel. *Id.* To plead a claim of fraud in federal court, Plaintiff must satisfy Rule 9(b) which states that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b). When analyzing a whether a complaint complied with Rule 9(b) the Court looks to whether:

> [T]he complainant . . . describe[s] the circumstances of the fraud, *i.e.*, the time, place, and content of the false representation; the identity of the person making the representation; and the harm caused by complainant's reliance on the false representation. Stated differently, Rule 9(b) requires plaintiff to set forth the "who, what, where, and when" of the alleged fraud. *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, 277 F.Supp.2d 1120, 1131 (D. Kan. 2003) (quoting *Nal II, Ltd. v. Tonkin*, 705 F. Supp. 522, 525–26 (D. Kan. 1989)).

Plaintiff's First Amended Complaint wholly fails to satisfy this standard. She does not allege the time or place of any alleged misrepresentations by UFF. This deficiency alone causes Plaintiff's claim to fail to comply with Rule 9(b). Therefore, Plaintiff fails to state a claim of misrepresentation against UFF.

*4. Plaintiff fails to state a claim of negligence per se against UFF.*

Plaintiff alleges a separate claim of negligence per se against only UFF. In Kansas, negligence per se has two elements: "(1) a violation of a statute, ordinance, or regulation, and (2) the violation must be the cause of the damages resulting therefrom." *Pullen v. West,* 278 Kan. 183, 92 P.3d 584, 593 (2004) (quotation marks

and citation omitted). "Kansas law limits negligence per se to violations of a statute for which the legislature intended to create a private cause of action." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1280 (10th Cir. 2021); *Pullen*, 92 P.3d at 593. Kansas courts use a two-part test to determine whether a private right of action is created: "First, the party must show that the statute was designed to protect a specific group of people rather than to protect the general public. Second, the court must review legislative history in order to determine whether a private right of action was intended." *Pullen*, 92 P.3d at 594.

"Notice pleading requirements suggest that plaintiff must plead the specific statute on which he bases his claim for negligence per se." *Holler v. Cinemark USA, Inc.*, 185 F. Supp. 2d 1242, 1244 (D. Kan. 2002) (citation omitted). A plaintiff's generic complaint that a defendant "violated unspecified 'local, state and federal statutes, guidelines and regulations' does not provide fair notice of his claim" and is subject to dismissal under Rule 12(b)(6). *Id.*

In Plaintiff's First Amended Complaint, she simply states that "FHA standards require that properties meet minimum conditions and that required repairs be completed and verified prior to closing." (Doc. 17 at 5). Plaintiff fails to identify a violation of a statute, ordinance, or regulation. Thus, Plaintiff fails to allege a negligence per se claim.

*5. Plaintiff fails to state a claim of civil conspiracy against UFF.*

Plaintiff alleges that UFF is liable for participating in a civil conspiracy with the other Defendants. In Kansas, the elements of civil conspiracy are "(1) two or

more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Stoldt v. City of Toronto*, 234 Kan. 957, 678 P.2d 153, 161 (1984) (quotation marks and citation omitted). A civil conspiracy is not actionable without the "commission of some wrong giving rise to a cause of action independent of the conspiracy." *Id.* "Agents or employees acting only in their official capacities on behalf of a corporate defendant and whose acts are considered those of the corporation may not form a conspiracy with the corporation." *York v. InTrust Bank, N.A.*, 265 Kan. 271, 962 P.2d 405, 422 (1998).

Plaintiff fails to allege that UFF ever had a meeting of the minds with any other Defendant, thereby failing to plead the third element. To the extent that Plaintiff attempts to plead that UFF had a meeting of the minds with Kris Peterson, the claim would also fail because Peterson is allegedly an employee of UFF and thus could not form a civil conspiracy with his employer. *Id.* Thus Plaintiff fails to allege the third element of a civil conspiracy claim against UFF. Therefore, Plaintiff's claim of civil conspiracy against UFF is dismissed.

In sum, the Court grants UFF's Motion to Dismiss because Plaintiff fails to state a claim.

**B. MTC's Motion to Dismiss, or in the alternative, to Quash (Doc. 34)**

MTC filed a Motion to Dismiss under Rules 12(b)(2), 12(b)(5), and 12(b)(6) for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief may be granted, respectively, or in the alternative to quash

service of process. (Doc. 34). Plaintiff argues that she sufficiently pleaded her claims against MTC by alleging its involvement in the real estate transaction and that "[m]uch of the relevant evidence concerning communications, escrow handling, transaction processing, and related documentation remains within Defendants' possession and control." (Doc. 32 at 2).[7] Because the First Amended Complaint fails under Rule 12(b)(6), the Court only addresses that argument. *Ngiendo*, 547 F. App'x at 914.

1. *Plaintiff fails to state a claim of negligence against MTC.*

Plaintiff's First Amended Complaint alleges a claim of negligence against MTC for proceeding to "closing without verifying completion of required repairs." (Doc. 17 at 4). This allegation, however, is the only allegation against MTC. The Court set forth the elements for a negligence claim above and will not repeat those elements here. Suffice to say, Plaintiff fails to state a claim. Not only does Plaintiff fail to allege that MTC had a duty to her, but she also fails to allege a breach of that duty or that the breach of such duty caused her injuries.

Therefore, Plaintiff fails to sufficiently allege a negligence claim against MTC, and her claim is dismissed.

2. *Plaintiff fails to state a claim of negligent misrepresentation against MTC.*

Plaintiff's First Amended Complaint alleges a claim of negligent misrepresentation against MTC for providing information "that required repairs

[7] Plaintiff made additional arguments related to service, but the Court finds the service arguments unnecessary to address.

had been completed and that the property was ready for closing" without verification. (Doc. 17 at 5).

Plaintiff fails to adequately allege the first element of a negligent misrepresentation claim. Plaintiff alleges that MTC facilitated and completed the closing on May 7, 2024, without verifying the alleged required repairs were completed. Plaintiff then alleges that "Defendants provided information that required repairs had been completed and that the property was ready for closing." (Doc. 17 at 5). However, Plaintiff does not identify or specify which Defendant provided this information.[8] Furthermore, even assuming that the allegation is directed toward MTC, Plaintiff does not allege that MTC, or any Defendant, failed to exercise reasonable care or competence in obtaining or communicating that the required repairs were completed. Thus, Plaintiff's negligent misrepresentation claim fails against MTC, and it is dismissed.

3. *Plaintiff fails to state a claim of misrepresentation against MTC.*

Plaintiff alleges that MTC represented that the property met the necessary conditions for closing without verifying its accuracy. MTC argues that Plaintiff fails to provide factual support as to MTC's conduct and that the First Amended Complaint fails to satisfy the heightened pleading requirements of Rule 9(b). The Court will construe Plaintiff's misrepresentation claim as one for fraudulent misrepresentation. As noted above, there are five elements for a fraudulent

[8] The Court notes that although Plaintiff brings Counts II, III, and V against all Defendants, she does not set forth specifics as to any Defendant in each of these claims but instead groups all Defendants together as performing the same alleged act. *See* Doc. 17 at ¶¶ 47, 52, and 61.

misrepresentation claim. Here, Plaintiff fails to allege the second element. Plaintiff nowhere alleges that MTC knew of the house's alleged defects. Likewise, Plaintiff fails to allege that MTC recklessly make a representation without knowledge. Therefore, Plaintiff's claim of fraudulent misrepresentation against MTC fails.

*4. Plaintiff fails to state a claim of civil conspiracy against MTC.*

Plaintiff alleges that MTC is liable for civil conspiracy by acting in its respective role in the real estate transaction and allowing the transaction to close despite "unresolved deficiencies and lack of required verification." (Doc. 17 at 6).

The Court set forth the requirements for a civil conspiracy above and will not set them forth again. Here, Plaintiff does not allege that MTC had a "meeting of the minds" with any other party. Without any allegation that MTC had a meeting of the minds with any other party, Plaintiff does not sufficiently allege that MTC is liable for civil conspiracy. Therefore, Plaintiff's claim of civil conspiracy against MTC is dismissed for failure to state a claim upon which relief may be granted.

In sum, the Court grants MTC's Motion to Dismiss for failure to state a claim.

**C. Kris Peterson's Motion to Dismiss (Doc. 55)**

Peterson filed a Motion to Dismiss for insufficient service of process and for failure to state a claim. Plaintiff responded that dismissal is not proper under Rule 12(b)(6) because Peterson disputed Plaintiff's factual allegations, and her First

Amended Complaint sufficiently alleges claims against Peterson. (Doc. 57 at 3–5).[9] Because the First Amended Complaint fails under Rule 12(b)(6), the Court only addresses that argument. *Ngiendo*, 547 F. App'x at 914.

*1. Plaintiff fails to state a claim of negligence against Peterson.*

Plaintiff's First Amended Complaint alleges a claim of negligence against Peterson for failing to communicate accurate information regarding the loan conditions and required repairs to Plaintiff. Peterson argues that Plaintiff fails to allege any of the required elements of negligence against Peterson. Construing Plaintiff's First Amended Complaint broadly, it appears that Plaintiff alleges that Peterson owed her a duty to provide accurate information regarding the loan conditions and the state of the required repairs on the house. Plaintiff provides no citation for such a duty. While the Court is to construe a pro se plaintiff's pleading broadly, it is not able to act as an advocate for the plaintiff and develop legal arguments for them. *See Hall*, 935 F.2d at 1110 (citations omitted). Thus, Plaintiff fails to sufficiently allege that such a legal duty exists. Furthermore, Plaintiff fails to adequately allege the breach of a duty or causation. Therefore, Plaintiff's claim of negligence against Peterson is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

---

[9] Again, Plaintiff made additional arguments related to service, but the Court finds the service arguments unnecessary to address.

2. *Plaintiff fails to state a claim of negligent misrepresentation against Peterson.*

Plaintiff's First Amended Complaint alleges a claim of negligent misrepresentation against Peterson for providing information that "required repairs had been completed and the property was ready for closing," without verification. (Doc. 17 at 5). Peterson argues that Plaintiff fails to allege any of the elements of negligent misrepresentation.

Here, Plaintiff does not allege that Peterson failed to exercise reasonable care or competence in obtaining and communicating the allegedly false information that the required repairs had been completed. While Plaintiff alleges that Peterson represented that the required repairs and loan conditions were satisfied without a "verified final inspection," Plaintiff provides no argument that such a verified final inspection is required for Peterson to have acted with "reasonable care or competence." Therefore, Plaintiff fails to sufficiently allege a negligent misrepresentation claim, and it is dismissed.

3. *Plaintiff fails to state a claim of misrepresentation against Peterson.*

Plaintiff alleges that Peterson is liable for misrepresentation by representing that the property met the necessary conditions for closing without verifying the accuracy of those representations. Peterson argues that Plaintiff not only fails to allege sufficient facts to support a claim of misrepresentation, but also that Plaintiff fails to satisfy the Rule 9(b) pleading standard required to plead such a claim. As noted above, there are five elements for a fraudulent misrepresentation claim. Here, Plaintiff fails to allege the second element of misrepresentation. Plaintiff fails to

allege that Peterson himself knew of the house's alleged defects. Plaintiff also fails to allege that Peterson acted recklessly without knowledge when he allegedly represented that the house met the "necessary conditions for closing." (Doc 17 at 5). Therefore, Plaintiff fails to sufficiently allege a claim of misrepresentation against Peterson, and it is dismissed.

*4. Plaintiff fails to state a claim of civil conspiracy against Peterson.*

Plaintiff alleges that Peterson is liable for a civil conspiracy because he participated in the real estate transaction in his respective role and the "transaction proceeded to closing despite unresolved deficiencies and lack of required verification." (Doc. 17 at 5–6). Peterson argues that Plaintiff has failed to sufficiently allege any of the elements of civil conspiracy, and that a corporation cannot conspire with one of its employees, agents, or representatives.

As noted above with regard to the conspiracy claim brought against UFF and MTC, Plaintiff fails to allege any facts approximating that Peterson had a "meeting of the minds in the object or course of action" with any other Defendant, person, or entity. To the extent that Plaintiff attempts to allege that Peterson conspired with UFF, Plaintiff alleges that Peterson is an employee of UFF which categorically bars Peterson from being able to conspire with UFF. Therefore, Plaintiff fails to sufficiently allege a civil conspiracy claim, and her claim is dismissed.

In sum, Plaintiff's claims against Peterson are dismissed.

**D. Joseph Sciara's Motion to Dismiss (Doc. 62)**

Defendant Sciara filed a Motion to Dismiss for insufficient service of process pursuant to Rule 12(b)(5) and for failure to state a claim pursuant to Rule 12(b)(6). Plaintiff responded that she sufficiently alleged all elements of each claim against Sciara, and she attached several exhibits.[10] Because the First Amended Complaint fails under Rule 12(b)(6), the Court only addresses that argument. *Ngiendo*, 547 F. App'x at 914.

*1. Plaintiff fails to state a claim of negligence against Sciara.*

Plaintiff's First Amended Complaint alleges a claim of negligence against Sciara for failing to identify material defects in the appraisal. Sciara argues that Plaintiff fails to allege (1) a legally cognizable duty owed to Plaintiff by Sciara, (2) any conduct by Sciara that would constitute a breach of a duty, or (3) any damages proximately caused by an alleged breach by Sciara. The Court agrees.

Plaintiff fails to allege what duty Sciara allegedly owed to her. Plaintiff does not even allege that she hired or had any contact with Sciara. In addition, Plaintiff fails to allege any breach of a duty or damages caused by such a breach. Therefore, Plaintiff fails to adequately allege negligence against Sciara, and her claim is dismissed.

---

[10] Plaintiff also included arguments related to service, but the Court will not address these arguments. In addition, the Court will not consider the exhibits attached to Plaintiff's response while ruling on Sciara's Motion to Dismiss as such a motion generally is to be confined to the pleadings.

2. *Plaintiff fails to state of claim of negligent misrepresentation against Sciara.*

Sciara argues that Plaintiff fails to allege any of the required elements of negligent misrepresentation against him. Again, the Court agrees. Plaintiff simply alleges that Sciara conducted an appraisal of the property. Plaintiff's negligent misrepresentation claim, however, relates to information about repairs and that "Defendants provided information that required repairs had been completed and that the property was ready for closing." (Doc. 17 at 5). Plaintiff fails to allege that Sciara supplied Plaintiff with false information or that Sciara failed to exercise reasonable care or competence in supplying any information to Sciara. In addition, Plaintiff fails to allege any facts that she relied upon Sciara's appraisal.

Even when construing Plaintiff's First Amended Complaint broadly, Plaintiff fails to sufficiently plead a negligent misrepresentation claim against Sciara, and it must be dismissed.

3. *Plaintiff fails to state a claim of misrepresentation against Sciara.*

Plaintiff alleges that Sciara is liable for misrepresentation for representing that the house met the necessary conditions for closing and that the representation was made without verifying its accuracy. Sciara argues that Plaintiff fails to adequately allege the necessary elements of fraud and fails to satisfy Rule 9(b)'s heightened pleading standard. Here, Plaintiff fails to sufficiently allege that Sciara made false statements or that Sciara knew the representations were false or that he recklessly made such false representations. In addition, Plaintiff fails to set forth sufficient facts that Sciara intentionally made any representations to Plaintiff with

the purpose of inducing her to act upon them. In short, Plaintiff fails to adequately allege a fraud or fraudulent misrepresentation claim against Sciara. Therefore, Plaintiff's claim of misrepresentation against Sciara is dismissed.

*4. Plaintiff fails to state a claim of civil conspiracy against Sciara.*

Plaintiff's First Amended Complaint alleges a claim of civil conspiracy against Sciara. As noted above with regard to the other Defendants, Plaintiff fails to adequately allege any facts, even when construed broadly in her favor, to allege a meeting of the minds on any object or course of action. Therefore, Plaintiff fails to adequately allege a civil conspiracy against Sciara, and her claim is dismissed.

In sum, Plaintiff's claims against Sciara are dismissed.

**E. Plaintiff's Application for Clerks Entry of Default (Doc. 58)**

Plaintiff applied for a Clerk's Entry of Default against Defendant Kevin Marks based on Rule 55(a). An entry of default is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Ordinarily, when a complaint is filed, a defendant must serve an answer within 21 days of service or within 60 days if service is timely waived. Fed. R. Civ. P. 12(a)(1)(A)(i)–(ii). Thus, a plaintiff may seek an entry of default if a defendant fails to "plead or otherwise defend" within the time constraints established in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a).

Plaintiff argues that Marks was successfully served by certified mail and failed to respond to the First Amended Complaint. Plaintiff, however, must show

sufficient service of process to a defendant as a prerequisite to entry of default. *See Peterson v. Carbon Cnty.*, 1998 WL 458555, at *4 (10th Cir. 1998). Service of process upon an individual may be made by delivery of the summons and complaint to the individual personally, by "leaving a copy of each at the individual's dwelling place with someone of suitable age and discretion who resides there; or by delivering a copy of each to an agent authorized by appointment or by law" to accept service of process. Fed. R. Civ. P. 4(e)(2)(A)–(C). Service may also be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because this Court is located in Kansas, and service was at least attempted to be made in Missouri, Plaintiff may serve Marks in compliance with either Kansas or Missouri law. *Id.*

Kansas law allows for an individual, other than a minor or a disabled person, to be served by:

> [S]erving the individual or by serving an agent authorized by appointment or by law to receive service of process. If the agent is one designated by statute to receive service, such further notice as the statute requires must be given. Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address. If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address. K.S.A. 60-304(a).

Missouri law requires that service upon an individual be accomplished by:

> [D]elivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process. Mo. Sup. Ct. R. 54.13(b)(1).

According to the Return of Service on the docket (Doc. 49), Kevin Marks was served via certified mail at an address in Missouri by delivery of the civil summons and complaint that was "left with an individual." (*Id.* at 1). Such service upon an unspecified individual fails to comply with federal and Missouri law as both require service upon someone of either suitable age or at least 18 years old that resides at Marks's usual place of abode. Such service also fails to comply with Kansas law as Kansas law requires service by delivery receipt at an individual's usual place of abode. Plaintiff, who bears the burden of showing sufficient service, does not demonstrate that the address to which the certified mail was delivered is Marks's usual place of abode or dwelling place, or that it was left with someone of suitable age. *See Kelly v. Wilson*, No. 09-2188-KHV, 2009 WL 3122519, at *1 (D. Kan. Sept. 29, 2009) (noting that the plaintiff did not show that he properly served the defendants and thus was not entitled to an entry of default). Therefore, Plaintiff fails to show sufficient service upon Marks and is not entitled to a clerk's entry of default.

### F. Plaintiff's request for an extension of time to serve other Defendants (Doc. 59)

Plaintiff filed a "Notice of Updated Address for Service of Defendant Joseph Sciara and Good-Faith Request for Extension of Time to Effect Service as to all

Applicable Defendants Except Kevin Marks and Meridian Title Company." The Court construes Plaintiff's notice as a motion for an extension of time to serve all but two Defendants. All Defendants, however, with the exception of Kevin Marks, have been dismissed from the case *supra*. Therefore, Plaintiff's motion is denied as moot.[11]

**IT IS THEREFORE ORDERED** that Defendant United Fidelity Fund's Motion to Dismiss (Doc. 19) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant Meridian Title Company's Motion to Dismiss (Doc. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant United Fidelity Fund's Motion to Dismiss (Doc. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Kris Peterson's Motion to Dismiss (Doc. 54) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Joseph Sciara's Motion to Dismiss (Doc. 62) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Clerk's Entry of Default against Defendant Kevin Marks (Doc. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Updated Address for Service of Defendant Joseph Sciara and Good Faith-Request for Extension of Time

---

[11] Plaintiff did not include Marks within this motion as Plaintiff sought a clerk's entry of default against Marks on the same day. As noted above, however, Plaintiff's request for a clerk's entry of default is improper as she does not demonstrate that Marks was properly served.

to Effect Service as to all Applicable Defendants except Kevin Marks and Meridian Title Company (Doc. 59) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated 17th day of November 2026.

ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE